WILLIAM SIEGRIST, JR., as Trustee in Bankruptcy of REES, SCULLY & FORSHAY, INC., Plaintiff, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, Defendant.

Supreme Court, Trial Term, New York County, March 9, 1938.

*Benjamin Siegel,* for the plaintiff.

*Coombs & Wilson,* for the defendant.

*Affg. 167 Misc. 129.

McLAUGHLIN (CHARLES B.), J.  The plaintiff, as trustee in bankruptcy of the firm of Rees, Scully & Forshay, Inc., sues to recover from the defendant bank the amount of a number of checks deposited over a period of approximately five years in· the individual accounts of Maria J. Forshay, Mary S. Forshay and Olive S. Forshay, each of whom maintained accounts with the defendant.  None of these individuals was an officer, director or employee of the bankrupt, but they were respectively, the mother, sister and wife of David Forshay, an officer of the corporation.

The checks were in varying amounts and were drawn by the bankrupt while actively engaged in business as a dealer in securities. During a period of five years there was an almost continual flow of these checks from the bankrupt to the defendant with directions to the defendant in writing to deposit the checks to one or another of the individual accounts.  The plaintiff now claims that the defendant had no authority to deposit the checks in these accounts or to permit the withdrawal of the funds without the authorization of the bankrupt.  It is also urged that by reason of the form of the checks the defendant bank was put upon inquiry and was required to make a further investigation in order to ascertain the reason for their issuance.

The courts have never gone so far as plaintiff endeavors to go in this case.  The present tendency is to limit rather than extend the liability of a bank even where it takes checks of its depositor and deposits them to the account of another.  Here there was no relation of bank and depositor between the bankrupt and the defendant.  That relationship existed between the bank and the individual depositors who were neither officers nor directors of the bankrupt.

It cannot be said that there was no authority for the deposit of the checks to the individual accounts, for the bankrupt by explicit directions contained in the letters accompanying the checks directed that they be so deposited.  In support of its argument that defendant had no authority to deposit the checks to the individual accounts because they were made payable to the defendant itself, plaintiff cites two cases: *Matteawan Mfg. Co.* v. *Chemical Bank & Trust Co.* (244 App. Div. 404; affd., 272 N. Y. 411) and *Sims* v. *United States Trust Co. of New York* (103 id. 472).  Neither of those decisions is applicable to the present case.  The theory upon which they were based is that where a bank receives from a depositor a check payable to the bank itself, that bank is bound to have some proper direction as to the disposition of the funds coming into its possession before depositing them in another depositor's account.  An important distinction between those cases and

the instant case is that here the bankrupt corporation maintained no account with the defendant, and, therefore, the latter had no choice but to deposit the checks as specifically directed by the bankrupt corporation. . In both cases upon which plaintiff relies the bank was negligent in following the instructions of a wrongdoer instead of consulting its depositor as it was reasonably required to do.

It is also significant that in the instant case there had been a series of similar transactions or deposits over a number of years, without any objection on the part of any one, whereas in the *Matteawan* and *Sims* cases only a single transaction was involved. The distinction appears decisive and controlling. (*Reif* v. *Equitable Life Assur. Soc.*, 268 N. Y. 269, 274.)

As to plaintiff's contention that the defendant bank was under a duty to inquire into the circumstances because of the form of the checks, it would appear that to impose such a duty on the bank here would be an unwarranted extension of the doctrine of *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37) and *Ward* v. *City Trust Co.* (192 id. 61, at p. 71). *Whiting* v. *Hudson Trust Co.* (234 id. 394) has limited the rule of those cases to their facts. It would seem improper to impose liability upon the defendant in this case. The defendant bank under the circumstances shown here, owed no duty to investigate any further and to so require it would create a disturbance of proper banking facilities which should not be permitted. Such a ruling would call upon a bank to investigate each check sent directly by a corporation to be credited to the account of any individual depositor, although it received specific written instructions to so deposit it. There would seem to be no basis either in law or common sense for such a requirement.

Plaintiff has failed to establish any facts upom which liability could be predicated against this defendant. Defendant may not be charged with knowledge of whatever wrongful acts may have taken place in connection with the affairs of the bankrupt corporation and cannot be held accountable therefor. All that appears is that this bank in depositing the checks as directed, did exactly what the bankrupt corporation intended it to do.

Judgment for the defendant, dismissing the complaint on the merits.